[Richland County Circuit Court, January Term, 1895.]

Follett, Jenner and Pomerene, JJ.

*COUNTY COMMISSIONERS, RICHLAND CO., v. THE CITIZENS' ELECTRIC RY., LIGHT AND POWER CO.

1. AUTHORITY OVER STREETS BEYOND CORPORATE LIMITS.

An ordinance passed by the council of a municipal corporation, under authority of sec-

---

* The judgment in this case was affirmed by the Supreme Court ; opinion, 56 Ohio St., 1.

tion 3438, Revised Statutes, authorizing a street railway company to extend its line beyond the limits of the corporation, and along a state road, is no defense to an action by the county commissioners against the company, to recover damages for the injury to said road occasioned by the construction of such extended line.

2. SAME—ABUTTING OWNERS' RIGHTS.

The ordinance passed by the council only permits the company to extend its railway beyond the limits of the corporation; the control of the county commissioners over the state road is not affected thereby, nor the property rights of abutting land owners extinguished.

ERROR to the court of common pleas of Richland county.

JENNER, J.

Plaintiffs aver in their petition that the defendant, The Citizens' Electric Railway, Light and Power Co., is a corporation duly incorporated under the laws of the state, operating and maintaining a street railroad within the corporate limits of the city of Mansfield; that it laid and continued said railroad onto and over a public highway called the Olivesburg road; that said highway is a state road duly laid out and established, leading from Mansfield in a northeasterly direction through said county.

On the 1st day of August, 1892, and at sundry other times, it is averred, between that date and the beginning of this action, the defendant wrongfully and without authority, injured and impaired said highway to a distance of 600 feet, in a northerly direction from said corporation line, by digging earth and stone from the bed thereof to a depth from two and one-half to eight feet, and in width to an extent of twenty-five feet, and that it constructed and placed its railroad track upon said portion of said highway, thereby endangering the safety of travelers, and not leaving vehicles sufficient room to pass each other; that the defendant did these acts wrongfully and without lawful authority, and it rendered the said highway less convenient and useful than it had been previously, to the damage of the plaintiffs in the sum of twelve hundred dollars ($1,200), for which they pray judgment.

The defendant answering, admits that it is a corporation organized under the laws of Ohio, and that it is operating a street railroad within the corporate limits of the city of Mansfield, but it denies each and every other allegation contained in the said petition.

This cause was tried to a jury in the court below, and there was evidence offered tending to prove the allegations of plaintiff's petition.

After the plaintiffs rested their case, the defendant offered in evidence, to maintain the issue on its part, an ordinance of the city of Mansfield granting defendant authority to lay the track in question. The ordinance, among other things, gave the defendant permission and authority to extend and lay down a track and operate a single track railroad, with all turnouts, turntables and side-tracks, along said Olivesburg road, to the full extent that the said track was so laid down along said public highway.

It was admitted that said ordinance was duly and legally passed, and the defendant then rested its case, and counsel for the defendant moved the court to instruct the jury to return a verdict for the defendant, and the court sustained said motion, to which the plaintiffs then excepted, and the court did then direct the jury to return a verdict for the defendant, to which charge the plaintiffs then excepted, and the jury returned a verdict under the instruction of the court for the defendant, and a judgment was rendered thereon.

The theory of counsel for the defendant seems to be that under section 3438, Revised Statutes, if a municipal corporation by ordinance grants permission to a street railway company to extend its line beyond the limits of the corporation, such permission is plenary authority, and justifies the railway company in extending its line without regard to the manner in which the same is done, and without reference to any rights the county commissioners may have, or as to any

property rights of owners whose lands may abut upon a public highway; and this seems to have been the view taken by the trial court as to the authority conferred by this section of the statutes, followed by the passage of an ordinance by the city.

Counsel for plaintiffs rely upon section 863 of the Revised Statutes for authority to bring this action, and for their right to recover under the averments of their petition.

It is maintained by counsel for defendant in error that the case of *The Commissioners of Gallia Co.* v. *Holcomb*, 7 Ohio, 232, sustains their position. The syllabus of the case reads as follows: "The commissioners of the county cannot maintain an action in their capacity as commissioners against individuals who may carelessly or willfully destroy roads or bridges." The facts of the case show that on May 1, 1832, the defendant and his servants were navigating a raft down Raccoon creek, in the county of Gallia, and that in navigating said raft they threw down and demolished the bridge across said creek, and suit was brought by the commissioners to recover damages for the destruction of the bridge.

Judge WOOD announced the opinion of the court, and said among other things: "Corporations, whether strictly or *quasi* such, are limited in the exercise of those powers which are specifically conferred on them by law. Corporate franchises, being restrictive of individual right, cannot be extended beyond the letter and spirit of the act of incorporation; counties, townships, etc., are *quasi* corporations, 7th Mass., 169, and instead of having more enlarged powers than other corporations, they are, it is said, more restricted and liable to responsibility from which corporations proper are exempt."

He cites the statute then in force, construes it, and holds that no express authority was given in the statute to maintain the action, as the law then stood, and concludes that the commissioners have no authority or control over the bridge even for the temporary purpose of repair; and that no remedy seems to be given by civil action, either to the commissioners of the county or any other person. The court in that case held, in substance, that the commissioners having no power except such as is conferred by statute, and there being no statute in force authorizing the commissioners to bring an action, under the facts stated in that case, the action could not be maintained. That is as far as that case goes.

We are also cited to the case of *The Railroad Co.* v. *The Commissioners of Mahoning County*, 35 Ohio St., 1, in which the supreme court of our state construe a later act of the legislature—the act of 1873.

It is stated in the fourth proposition of the syllabus, that under the act of 1873, relating to obstructions in highways, the measure of damages ordinarily is the cost of removing the obstruction and restoring the highway to its former condition. It appears in the facts of this case, that during the year 1863, the defendant railroad company wrongfully and without lawful authority entered upon and took possession of a public highway in the county of Mahoning, and laid its tracks thereon for a distance of about one and one-half miles; dug up and removed the earth and soil therefrom for the purpose of establishing a grade for its railroad, and thereby obstructed said road and highway and rendered public travel thereon impossible, or at least very dangerous.

It is said that the evidence is conflicting upon the question whether the highway had been entered upon or occupied by the company with either the verbal or written consent of the commissioners. OKEY, J., in delivering the opinion of the court, says on page 8: "It is clear, therefore, that for this obstruction there was at the time it was created, a remedy provided by law, and we think the general assembly might well provide, as it did by the amendment of 1873, this new and additional remedy, and that the amended act applied to obstructions already created."

It will be seen that, as to the authority conferred on county commissioners, a change has been made in the statute since the opinion was delivered by Judge

WOOD in the Holcomb case; and since the passage of the act of 1873, county commissioners may maintain an action for damages to a state or county road, in a proper case.

Counsel for defendant in error cite *Commissioners of Mahoning County* v. *The Railroad Company*, 45 Ohio St., 401, as sustaining the decision of the trial judge.

In this case, the supreme court construe a special act passed by the legislature on the 8th of April, 1880, to authorize the commissioners of Mahoning county to build a bridge across the Mahoning river, at the foot of Market street, in the city of Youngstown. The city, by ordinance, gave them the right to use so much of Market street as might be necessary in the building of the bridge and constructing the approaches thereto, and under the special act and ordinance of said city, the commissioners did build said bridge, and the bridge was subsequently damaged, as was averred, by the railroad company, and an action was commenced to recover for said damages. By their petition the commissioners set out the above facts, and that the defendant in constructing its railroad along the bank of the river, under the south end of the bridge, excavated the earth near one of the abutments of the bridge in such a way as to render it insecure, and thereby damaged the bridge, rendering it unsafe for travel; and the supreme court held that the commissioners could not maintain the action to recover damages for said alleged injury.

An examination of that case will show that the supreme court were considering the special act passed by the legislature, and what authority was conferred by it upon the commissioners, and they held that it did authorize the commissioners to build said bridge within the city of Youngstown, with the consent of the said municipality, and SPEAR, J., in his opinion on page 405, says: "The act simply authorized the commissioners to construct this bridge; there is no provision giving authority to repair, nor is there any authority to maintain an action for injury to it. Had these subjects been in the legislative mind at the time of the enactment of the statute, or had it been the purpose of the assembly to confer that authority, it seems reasonable to assume that clear language to that effect would have been used. But the bridge after it was constructed, being within the city of Youngstown and forming a portion of one of its streets, the control over it, under section 2640, Revised Statutes, was in the council of the said municipality, and for any damages that may have been done to said bridge wrongfully, the city was the proper party to bring the action."

I think it cannot be maintained that either of the above cases determines the question arising in the case before us.

Let us again refer to the statutes in force at the time the petition was filed in this case. Section 3437 provides that street railroads, with single or double tracks, sidetracks and turnouts, may be constructed or extended within or without, or partly within and partly without any municipal corporation. Section 3436 provides, among other things, that the right so to construct or extend such railway within or beyond the limits of a municipal corporation can be granted only by the council thereof by ordinance. It further provides that in granting permission to extend existing routes in cities of the first, second and third grades of the first class and first grade of the second class, such cities and the companies owning such routes shall have the same rights and powers they have under the laws and contracts now existing.

It is the contention on behalf of the defendant that the ordinance having been duly passed by the city of Mansfield, granting the right to the railroad company to extend this line beyond the incorporated limits, full authority is thereby conferred upon the defendant to pass over and along the Olivesburg road and do any act that might be necessary to construct their railway along said public highway. That is, a municipality may authorize a street railway company to pass along and over any of the state and county roads, within the county of Richland,

and neither the board of county commissioners, nor the property owners whose lands may abut thereon, can interfere with the construction of the railroad, whatever damage may be occasioned thereby.

If this construction of section 3438 can be maintained, we do not see any reason why the defendant should be limited to laying its track along the public highway. The language would seem to be broad enough to authorize it to lay its track over the private lands of any individual owners within the county. The statement of the proposition is so unreasonable that it would hardly seem necessary to present authority or argument to refute it.

The property owners along our public highways own the fee of the highways, with few exceptions, the public only having the easement. Then, if this construction can be maintained, the private property of the individual is taken from him without due process of law, and without compensation. Is it necessary to refer to section 19 of the Bill of Rights?—"Private property shall be held inviolate. In time of war or other public exigency, it may be taken for the public welfare, but compensation must be made to the owner in money. * * * In all other cases where private property shall be taken for public use, compensation therefor shall first be made in money * * *;" "such compensation shall be assessed by a jury * * *."

If section 3438 would bear the construction insisted upon by counsel for defendant, it would be in clear violation of section 19 of the Bill of Rights. We are of the opinion that the section will not bear this construction; that it was not the intention of the general assembly to confer such power upon the municipality, and thereby disregard not only the well recognized authority of the commissioners over the public highways of the county, but also the property rights of the citizen.

We think the legislature intended only to limit the power of a street railway company to construct its road beyond the limits of a municipality until it had first obtained the consent by ordinance of such municipality. The ordinance only permitted the company to proceed in the way provided by statute to acquire the right either in public highways, or the property rights of the individual owners. Before the company can construct its road, it must first obtain authority by ordinance from the municipality; next, it must obtain permission from the commissioners, if it passes over a state or county road, and then it must arrange with the property owners by contract or condemnation proceedings to extinguish their property rights.

We are of the opinion that section 3438 of the Revised Statutes in no way limits or restricts the right of the county commissioners to bring and maintain their action under section 863, for any injuries that may be done to a state or county road, as provided in the last named section.

We have read the opinion of Judge WOLFE in this case, as reported in 1 Ohio Dec., 290, and we are unable to concur in the construction he places upon section 3438. We think the record clearly made a case for the consideration of the jury in the trial below, and that the court erred in sustaining the motion of the defendant, and in directing a verdict for the defendant.

For these reasons this case will be reversed and remanded to the court of common pleas for further proceedings according to law.

*M. May* and *J. C. Laser*, for Plaintiffs in Error.

*Cummings & McBride*, for Defendant in Error.